16-4128-ag
*Triumph Constr. Corp. v. Sec'y of Labor*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

August Term 2017

(Argued: February 5, 2018      Decided: February 14, 2018)
(Published Opinion Issued: March 14, 2018)

Docket No. 16-4128-ag

---

TRIUMPH CONSTRUCTION CORPORATION,

*Petitioner-Appellant*,

*v.*

SECRETARY OF LABOR,

*Respondent-Appellee.*

---

PETITION FOR REVIEW FROM THE OCCUPATIONAL
SAFETY AND HEALTH REVIEW COMMISSION

---

Before:

WALKER, LYNCH, and CHIN, *Circuit Judges*.

Petition for review of a final order of the Occupational Safety and

Health Review Commission affirming a citation issued to a construction

company for a repeat violation of an excavation standard and assessing a penalty of $25,000.

PETITION DENIED.

JASON R. FINKELSTEIN (Brian L. Gardner, *on the brief*), Cole Schotz, P.C., New York, New York, *for Petitioner-Appellant*.

A. SCOTT HECKER (Nicholas C. Geale, Acting Solicitor of Labor; Ann S. Rosenthal, Associate Solicitor of Labor; Heather R. Phillips, Counsel for Appellate Litigation, *on the brief*), United States Department of Labor, Washington, D.C., *for Respondent-Appellee.*

PER CURIAM:

In this case, petitioner Triumph Construction Corporation ("Triumph") petitions for review of a September 7, 2016, decision and order of the administrative law judge (the "ALJ"), which subsequently became a final order of the Occupational Safety and Health Review Commission (the "Commission"), affirming a citation issued to Triumph by the Occupational Safety and Health Administration ("OSHA") for a repeat violation of an excavation standard and assessing a penalty of $25,000. *Triumph Constr. Corp.*, 26 BNA OSHC 1331 (No. 15-0634, 2016), 2016 WL 6472834. Triumph contends that the Commission

improperly shifted the burden of proof to Triumph and improperly classified the violation as a repeat violation. For the reasons set forth below, we disagree and deny Triumph's petition for review.[1]

## BACKGROUND

On August 22, 2014, an employee of Triumph, the general contractor for a public construction project to replace certain water mains, was injured in a cave-in at an excavation site in lower Manhattan. An OSHA officer inspected the excavation site that afternoon. On February 13, 2015, OSHA issued Triumph a citation for a repeat violation of 29 C.F.R. § 1926.652(a)(1), which provides in relevant part:

> Each employee in an excavation shall be protected from cave-ins by an adequate protective system designed in accordance with . . . this section except when:
>
> (i)     Excavations are made entirely in stable rock; or
>
> (ii)    Excavations are less than 5 feet (1.52m) in depth and examination of the ground by a competent person provides no indication of a potential cave-in.

---

[1]     We grant the Secretary of Labor's motion for publication of our February 14, 2018 summary order in this case. *Triumph Constr. Corp. v. Sec'y of Labor*, No. 16-4128-ag, 2018 WL 871462 (2d Cir. Feb. 14, 2018).

The citation was classified as a repeat violation based on two previous citations issued to Triumph for violating the same excavation standard: the first in 2009 and the second in 2011.

Triumph contested the February 13, 2015, citation, and a formal evidentiary hearing was conducted before an ALJ (Coleman, *A.L.J.*) on January 5, 6, and 21, 2016. In a September 7, 2016, decision and order, the ALJ affirmed the citation for a repeat violation, concluding that a preponderance of the evidence established that Triumph violated the excavation standard and that the violation was a repeat one.[2] Because the Commission did not grant discretionary review, the decision and order became a final order of the Commission on October 20, 2016. Triumph petitions for review.

### DISCUSSION

We set aside an order by the Commission if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A); *see Solis v. Loretto-Oswego Residential Health Care Facility*, 692 F.3d 65, 73 (2d Cir. 2012). We uphold factual findings if they are "supported by

---

[2] The decision and order also vacated a second citation issued to Triumph by OSHA for a serious violation of 29 C.F.R. § 1926.651(j)(1). The second citation is not at issue in this appeal.

substantial evidence on the record considered as a whole."  29 U.S.C. § 660(a); *see Solis*, 692 F.3d at 73.  We review legal conclusions *de novo*, deferring as appropriate to the Secretary's reasonable interpretation of the Occupational Health and Safety Act (the "Act").  *Solis*, 692 F.3d at 73.

## I.    *Burden of Proof*

First, Triumph contends that the Commission improperly shifted the burden of proof to Triumph by drawing an adverse inference from Triumph's failure to produce a particular witness -- site foreman Augustin Formoso -- during the hearing.

### A.    *Applicable Law*

Although the Secretary bears the burden of proving an OSHA violation by a preponderance of the evidence, *see New York State Elec. & Gas Corp. v. Sec'y of Labor*, 88 F.3d 98, 105, 107 (2d Cir. 1996), the "party claiming the benefit of . . . an exception must demonstrate its applicability," *New York Univ. Med. Ctr. v. N.L.R.B.*, 156 F.3d 405, 413 (2d Cir. 1998).  The excavation standard at 29 C.F.R. § 1926.652(a)(1) "applies to *any* excavation, unless the employer shows that the excavation meets one of two exceptions."  *Bardav, Inc.*, 24 BNA OSHC 2105 (No. 10-1055, 2014), 2014 WL 5025977, at *4 (emphasis original).  One of the two

exceptions is relevant here: the exception for excavations less than five feet deep.

29 C.F.R. § 1926.652(a)(1)(ii).

## B.  *Application*

We conclude that the ALJ did not impermissibly shift the burden of

proof.  First, the ALJ properly placed the burden of proof on Triumph to

demonstrate that its site fell within the exception for excavations less than five

feet deep under 29 C.F.R. § 1926.652(a)(1)(ii).  It was in the context of Triumph's

argument that "the area in the excavation where [the injured worker] was

working was shallower than five feet," Sp. App. 26, that the ALJ considered

Triumph's failure to present Formoso's testimony.  The ALJ relied on the missing

testimony as one of several factors to evaluate the credibility of one of Triumph's

testifying witnesses.[3]  Second, the depth of the excavation was not an issue that

turned on which party bore the burden of proof.  The great weight of evidence

established that the excavation was more than five feet deep, including

(1) empirical measurements taken by OSHA recording depths of 64, 68, and 70

---

[3]     The ALJ properly placed the burden of proof on the Secretary to establish that Triumph violated 29 C.F.R. § 1926.652(a)(1) by demonstrating "by a preponderance of the evidence that: (1) the cited standard applies; (2) the terms of the standard were violated; (3) the employer knew, or with the exercise of reasonable diligence could have known, of the violative condition; and (4) one or more employees had access to the cited condition."  Sp. App. 15; *see New York State Elec. & Gas Corp.*, 88 F.3d at 105.

inches at the site, (2) the testimony of the injured worker, and (3) the testimony of the city's inspector.

## II.     *Look Back Period*

Next, Triumph notes that the Commission has a policy of using a three-year look back period to determine a repeat violation, and argues that here the Commission failed to provide a reasoned explanation for relying on previous violations more than three years old.

### A.     *Applicable Law*

The Act authorizes an enhanced civil penalty against any employer who "repeatedly violates . . . any standard" promulgated pursuant to the Act. 29 U.S.C. § 666(a).[4]  Neither the Act nor OSHA's implementing regulations prescribe any temporal limits for determining whether a violation is repeated.  In arguing that the Commission arbitrarily departed from its own policy, Triumph contends that the OSHA Field Operations Manual (the "Manual"), dated April 22,

---

[4]     29 U.S.C. § 666(a) provides as follows:

Any employer who willfully or repeatedly violates the requirements of section 654 of this title, any standard, rule, or order promulgated pursuant to section 655 of this title, or regulations prescribed pursuant to this chapter may be assessed a civil penalty of not more than $70,000 for each violation, but not less than $5,000 for each willful violation.

2011, was in effect at the time of the February 13, 2015, citation and dictates a three-year look back period for assessing repeat violations -- not the five-year period relied on by the Commission.[5] The relevant language in the Manual provides as follows:

> Although there are no statutory limitations on the length of time that a prior citation was issued as a basis for a repeated violation, the following policy shall generally be followed.

> A citation will be issued as a repeated violation if . . . [t]he citation is issued within 3 years of the final order date of the previous citation or within 3 years of the final abatement date, whichever is later.

Joint App. 653.

**B.    *Application***

We conclude that the Commission did not abuse its discretion by relying on previous violations more than three years old, because neither the Manual nor the Commission's precedent limits OSHA to a three-year look back period. The Manual explicitly notes that "there are no statutory limitations on

---

[5]    The Commission increased its look back period from three years to five years, but the parties dispute whether the change took place in October 2010 or in October 2015 -- in other words, before or after Triumph's February 13, 2015, citation. We need not resolve that dispute, however, because we uphold the Commission's decision even assuming, as Triumph argues, that the three-year period applies.

the length of time that a prior citation was issued as a basis for a repeated violation" and describes a policy that "shall *generally* be followed." Joint App. 653 (emphasis added). The Manual is "only a guide for OSHA personnel to promote efficiency and uniformity, [is] not binding on OSHA or the Commission, and [does] not create any substantive rights for employers." *Hackensack Steel Corp.*, 20 BNA OSHC 1387 (No. 97-0755, 2003), 2003 WL 22232017, at \*7. Moreover, the Commission's precedents establish that "the time between violations does not bear on whether a violation is repeated." *Hubbard Constr. Co.*, 24 BNA OSHC 1689 (No. 11-3022, 2013), 2013 WL 1942202, at \*11 (citation and internal quotation marks omitted); *accord J.C. Stucco & Stone, Inc.*, 26 BNA OSHC 1382 (Nos. 14-1558 and 15-0342, 2016), 2016 WL 7363932, at \*19 & n.53 (upholding a repeat violation based on a previous violation more than three years old, and noting that the three-year limit for repeated violations in the Manual "is not binding on the Commission"); *Active Oil Serv., Inc.*, 21 BNA OSHC 1184 (No. 00-0553, 2005), 2005 WL 3934873, at \*6. Finally, this was Triumph's *third* violation in six years.

## *CONCLUSION*

Triumph's petition for review is **DENIED**.